IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR. NO.: 4:22CR695 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 26 U.S.C. § 7206(2) |
| vs. | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | **INFORMATION** |
| **CRYSTAL DAVIS** | ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

At times relevant to this Information:

1. The Defendant, **CRYSTAL DAVIS**, was a citizen of the United States and resident of South Carolina.

2. United Tax Service, LLP ("UTS") was a limited liability partnership registered under the laws of the State of South Carolina engaged in the business of preparing income tax returns.

3. Defendant was the owner of UTS, and serviced clients throughout the State of South Carolina, including Williamsburg County and other areas in the Pee Dee Region of South Carolina.

4. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

6. One source of relief that the CARES Act provided for was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

7. The PPP allows qualifying small businesses and other organizations to receive PPP loans. Businesses must use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

8. The amount of a PPP loan that a small business may be entitled to receive is determined by the number of employees employed by the business and the business's average monthly payroll costs.

9. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was

eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

10. The SBA oversees the PPP. However, individual PPP loans are issued by private, approved lenders (most commonly, banks and credit unions) who receive and process PPP applications and supporting documentation, and then make loans using the lenders' own funds, which are 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

## COUNT ONE
*(Aiding in a False Return – 26 U.S.C. § 7206(2))*

11. The allegations contained in paragraphs 1 through 10 of this Information are incorporated herein by reference.

12. That on or about September 29, 2020, in the District of South Carolina, the Defendant, **CRYSTAL DAVIS**, a citizen of the United States and resident of South Carolina, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a joint U.S. Individual Income Tax Return, Form 1040, of E.W. and J.W., for the calendar year 2019. The return was false and fraudulent as to a material matter, in that it represented that E.W. and J.W. were entitled under the provisions of the Internal Revenue laws to claim a total tax refund of $5,674.00, whereas, as the Defendant then and there knew, that E.W. and J.W. actually owed taxes in an amount of 2,100 for the calendar year. This led to a harm to the U.S. Government of $7,774.00.

All in violation of Title 26, United States Code, Section 7206(2).,

## COUNT TWO
*(Wire Fraud – 18 U.S.C. § 1343)*

### THE SCHEME TO DEFRAUD

13. The allegations contained in paragraphs 1 through 10 of this Information are incorporated herein by reference.

14. That beginning in or about May 2020, and continuing until in or about February 2021, in the District of South Carolina and elsewhere, the Defendant, **CRYSTAL DAVIS**, knowingly devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and during such period, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

15. It was part of the scheme that **CRYSTAL DAVIS** electronically submitted a PPP loan application to Liberty SBF, a lender approved by the SBA to issue PPP loans. In the loan application, **CRYSTAL DAVIS** requested a PPP loan for UTS.

16. In the loan application, **CRYSTAL DAVIS** included fraudulent and false representations and submissions.

17. On or about February 11, 2021, based on **CRYSTAL DAVIS'S** fraudulent and false representations and submissions, Liberty SBF distributed approximately $20,700 in PPP loan funds to UTS.

18. During the course of the scheme and artifice to defraud, using interstate wires and otherwise, **CRYSTAL DAVIS** fraudulently obtained $41,400 in PPP loans in her name, for UTS.

All in violation of Title 18, United States Code, Section 1343.

# FORFEITURE

WIRE FRAUD:

Upon conviction for violation of Title 18, United States Code, Section 1343 as charged in this Information, the Defendant, **CRYSTAL DAVIS**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offense charged in this Information includes, but is not limited to, the following:

    A.    Cash Proceeds/Forfeiture Judgment:

        A sum of money equal to all property the Defendant obtained as a result of the wire fraud offense charged in this Information, and all interest and proceeds traceable thereto as a result of her violation of 18 U.S.C. § 1343.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                              ADAIR F. BUROUGHS
                              UNITED STATES ATTORNEY

                              By: _NH Flynn for_____
                              Derek A. Shoemake (#10825)
                              Assistant U.S. Attorney
                              401 West Evans Street, Suite 222
                              Florence, South Carolina 29501
                              Tel.:   (843) 665-6688
                              Fax:   (843) 678-8809
                              Email:  Derek.Shoemake@usdoj.gov